**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| LEON MCLEAN | : | DOCKET NO. 2:05-cv-884 |
| --- | --- | --- |
| | | Section P |
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALEZ, ET AL. | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Leon McClean, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner was ordered removed from the United States on October 26, 2004 by an immigration judge in Oakdale, Louisiana. He appealed this decision to the Board of Immigration Appeals, and his appeal was dismissed on April 15, 2005. On May 3, 2005, petitioner filed this petition for writ of *habeas corpus*[1] wherein he seeks to challenge his removal order as being based upon insufficient evidence.

**LAW AND ANALYSIS**

**Jurisdiction**

As a threshold matter, this court must consider its jurisdiction to review petitioner's challenges to his removal order.

---

[1] The petition was signed and dated by petitioner on May 3, 2005. It was received by the court and filed on May 12, 2005.

On May 11, 2005, President Bush signed into law the "REAL ID Act of 2005. *See* Pub.L.No.109-13, Div. B, 119 Stat. 231.[2] Section 106 of this Act specifically addresses judicial review of removal orders. Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to clarify that a petition filed in the appropriate court of appeals in accordance with § 242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order. These jurisdictional amendments became effective upon enactment of this Act. *See* § 106(b). In order to implement these amendments, § 106(c) provides for the transfer of pending *habeas corpus* petitions which challenge removal orders to the appropriate court of appeals. This section states as follows:

> (c) TRANSFER OF CASES.-- If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

In light of this recent legislation, the undersigned finds that this court lacks jurisdiction to consider petitioner's *habeas corpus* petition which challenges his removal order.

Because this petition was pending on the date that the REAL ID Act of 2005 was enacted, this petition should be transferred to the Fifth Circuit Court of Appeals in accordance with § 106(c) of that Act. Accordingly,

---

[2] The "Real ID Act of 2005" is Division B of the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005" (Public Law 109-13).

2

IT IS RECOMMENDED that this petition be TRANSFERRED to the Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of June, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE